DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6557
    FAX: (415) 436-7234
    Eric.Cheng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-0179 RS |
| Plaintiff, | DETENTION ORDER |
| v. | |
| DANIEL LARIOS, | |
| Defendant. | |

On May 2, 2019, defendant Daniel Larios was charged by a superseding indictment with one count of being a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1); one count of possession of machineguns in violation of Title 18, United States Code, Section 922(o); and one count of possession of unregistered firearms in violation of Title 26, United States Code, Section 5861(d). The defendant appeared before the Court on May 21, 2019 for arraignment on the superseding indictment.

This matter came before the Court on May 30, 2019, for a detention hearing. At the hearing, the defendant was present and represented by Ruben T. Muñoz, and Assistant United States Attorney Eric Cheng appeared for the government. Counsel submitted proffers and arguments regarding detention. The government moved for detention, submitting that no condition or combination of conditions will

1 reasonably assure the safety of the community and the appearance of the defendant as required. The
2 defendant opposed. Pretrial Services recommended detention on the basis that no condition or
3 combination of conditions will reasonably assure the safety of the community.

Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

As noted on the record, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community and the appearance of the defendant as required, including because: (1) the defendant has shown that he is not amenable to supervision; (2) the defendant presents both a risk to the community and a risk of nonappearance; and (3) the defendant's charged offenses and criminal history are serious in nature. These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.  The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 31, 2019

HONORABLE SALLIE KIM
United States Magistrate Judge