DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6557
    FAX: (415) 436-7234
    Eric.Cheng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-0179 RS |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Date: November 12, 2019 |
| DANIEL LARIOS, | Time: 2:30 p.m. |
| Defendant. | Judge: Hon. Richard Seeborg |

**I.     INTRODUCTION**

In March of this year, police searched the East Palo Alto residence of the defendant Daniel Larios—a three-time convicted felon for various firearm charges—and they found two loaded semiautomatic pistols, six full automatic Glock conversion "switch" machine guns, several firearm magazines, and approximately one hundred rounds of ammunition. The switch machine guns, when installed on a semiautomatic Glock pistol, would enable the pistol to fire as a fully automatic machine gun, allowing more than one projectile could be fired by a single pull of the trigger. Accordingly, the defendant was a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and he possessed machine guns in violation of 18 U.S.C. § 922(o).

The Guidelines provide for a sentencing range of 77 to 96 months of imprisonment for the defendant's crimes. For the reasons set forth below, the United States respectfully requests that the Court impose a term of imprisonment on the defendant within the Guidelines sentencing range at the low end, followed by three years of supervised release with an expanded search condition agreed upon by the parties. Given the particular nature and circumstances of the crimes here, the defendant's history, the need to protect the public, and the need for deterrence, the government submits that this is a reasonable sentence based on a consideration of the Guidelines and the factors under 18 U.S.C. § 3553(a).

**II.    BACKGROUND**

**A.     Factual Background**

From age 19 in 2008 to age 30 this year, the defendant Daniel Larios accumulated a lengthy criminal history around Northern California. (Presentence Investigation Report ("PSR") ¶¶ 31–49.) The defendant was convicted of crimes approximately sixteen times, including three instances of felony convictions involving firearms (in 2011, 2015, and 2016). (PSR ¶¶ 31–49.) The defendant was also arrested in five other incidents, including incidents involving allegations of attempted murder, assault with a semiautomatic firearm, robbery, exhibiting a firearm, and battery. (PSR ¶¶ 50–54.)

In March 2019, police officers observed a video on the defendant's Instagram social media account showing several full automatic Glock conversion switch machine guns. (PSR ¶ 6.) After obtaining a search warrant, officers searched the defendant's residence in East Palo Alto. (PSR ¶ 7.)

UNITED STATES' SENTENCING MEMORANDUM   2
CR 19-0179 RS

There, officers found a loaded Glock 27 semiautomatic pistol, a loaded Glock 20-type semiautomatic pistol, several firearm magazines, and approximately one hundred rounds of ammunition. (PSR ¶¶ 8–11.) Officers also found six full automatic Glock conversion switch machine guns in the defendant's residence. (PSR ¶ 10.)

On April 18, 2019, the defendant was charged in an indictment with one count of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On May 2, 2019, the defendant was charged in a superseding indictment with one count of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition, one count of violating 18 U.S.C. § 922(o), possession of machineguns, and one count of violating 26 U.S.C. § 5861(d), possession of unregistered firearms. (PSR ¶ 1.) The defendant pleaded guilty to the first two counts on July 16, 2019. (PSR ¶ 2.)

### B. Guidelines Calculation

The United States Probation Office ("Probation") correctly calculates the United States Sentencing Guidelines ("Guidelines" or U.S.S.G.) in the PSR. (PSR ¶¶ 17–49, 85.)

The total offense level is 21 and the defendant's criminal history category is VI, which results in a Guidelines sentencing range of 77 to 96 months of imprisonment. (*Id.*, PSR ¶¶ 95–97.)

The PSR correctly calculates the total offense level as 21. (PSR ¶¶ 17–28.) The base offense level is 20 under U.S.S.G. § 2K2.1(a)(4)(B) because the offense involved a machinegun and the defendant was a prohibited person at the time of the offense. (PSR ¶ 19.) The offense level increases by 4 under U.S.S.G. § 2K2.1(b)(1)(B) because the offense involved at least 8 firearms. (PSR ¶ 20.) The three-level reduction for acceptance of responsibility under § 3E1.1(a) applies. (PSR ¶ 26–27.)

The PSR correctly calculates the defendant's criminal history as category VI. (PSR ¶¶ 31–49.) The defendant is in the highest criminal history category of VI, in view of counting 14 points for his prior criminal convictions and an additional 2 points for committing the instant offenses while on probation. (*Id.*)

## III. DISCUSSION

### A. Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a). *United States v. Carty*, 520 F.3d

984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.*

After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93. Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.     Sentencing Recommendation**

The government recommends that the Court sentence the defendant Daniel Larios to a term of imprisonment at the low end of the Guidelines sentencing range of 77 to 96 months and three years of supervised release with an expanded search condition agreed upon by the parties, based upon a consideration of the Guidelines and 18 U.S.C. § 3553(a) factors. This would be in line with the sentencing recommendation from Probation, which recommends a sentence of 80 months of imprisonment and three years of supervised release. Such a sentence would be sufficient, but not greater than necessary to reflect the purposes of sentencing.

First, the nature and circumstances of the offense weigh in favor of the government's recommended sentence. Not only did the defendant illegally obtain and possess multiple loaded semiautomatic firearms and considerable ammunition following his three felony firearm convictions, he obtained and possessed multiple full automatic Glock conversion switch machine guns that would enable the semiautomatic firearms to fire as fully automatic machine guns. Not only does the illegal possession of firearms place the community at risk (PSR ¶ 14), the addition of fully automatic machine

guns multiplies that danger. A Guidelines sentence would address the need for the sentence to reflect the seriousness of the defendant's offense and provide just punishment for the offense.

Second, the defendant's history and the need to protect the public merits the government's recommended sentence. Far from a first time offense, this is the defendant's fourth time to be convicted of felony firearms charges, following his convictions in 2011 (carry concealed loaded firearm, sentenced to 36 months probation and 60 days jail), 2015 (carry concealed weapon on person, carry concealed weapon in vehicle, sentenced to 16 months in prison), and 2016 (felon in possession of a firearm, sentenced to 2 years in prison). (PSR ¶¶ 31–49.) The defendant was also arrested in five other incidents, including a 2012 incident in East Palo Alto involving allegations of him brandishing a firearm and striking a victim, a 2013 incident in San Francisco involving allegations of his involvement in a drive-by shooting and attempted murder, and a 2016 incident in San Bruno involving allegations of his involvement in an armed robbery. (PSR ¶¶ 50–54.) The defendant's checkered past with illegal firearms and repeated allegations of violence reflect the need for this sentence to both address the defendant's history and protect the public from further crimes of the defendant.

Finally, the government's recommended sentence addresses the need for deterrence. Imposing a meaningful custodial term as the government recommends provides general deterrence against the proliferation of illegal full automatic Glock conversion switch machine guns, as well as the illegal possession of firearms on the whole. The recommended sentence—including the three years of supervised release with the expanded search condition agreed to by the parties—will also provide specific deterrence to the defendant given his repeated violations and convictions for firearms-related crimes, for which he most recently served a 2 year sentence and a 16 month sentence. The agreed-upon expanded search condition for supervised release is especially appropriate in light of the defendant's use of electronics and social media involving firearms in the instant offenses, and will provide for deterrence and rehabilitation.

Accordingly, the government's recommended sentence would be sufficient, but not greater than necessary, to reflect the purposes of sentencing identified in 18 U.S.C. § 3553(a).

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court impose a

UNITED STATES' SENTENCING MEMORANDUM 5
CR 19-0179 RS

term of imprisonment on the defendant at the low end of the Guidelines sentencing range of 77 to 96 months of imprisonment, followed by three years of supervised release with the expanded search condition agreed upon by the parties.

DATED: November 5, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

　　　　　/s/
ERIC CHENG
Assistant United States Attorney