UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DANIEL LARIOS,<br>Defendant. | Case No. 19-cr-00179-RS-1<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

## I. INTRODUCTION

Defendant Daniel Larios moves for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). Larios also requests the appointment of counsel. Larios is in the custody of the Bureau of Prisons at USP Canaan in Wayne County, Pennsylvania, and his expected release date is May 18, 2025. Larios bases his motion on Part A of Amendment 821 to the Sentencing Guidelines, which reduces (from two to one) the number of status points to be added to a defendant's criminal history points under certain circumstances. The Government has filed a brief opposing Larios' motion. For the reasons explained below, the motion for sentence reduction is denied and the request for appointment of counsel is denied as moot.

## II. DISCUSSION

On November 12, 2019, Larios was sentenced to 77 months of imprisonment and three years of supervised release (and ordered to pay a $200.00 special assessment) after pleading guilty to being a felon in possession of a firearm and ammunition and to possession of machineguns. This sentence was based on a total offense level of 21 and the highest criminal history category

(VI). The Sentencing Guidelines applicable when Larios was sentenced provided that two criminal history points would be added to a defendant's criminal history total where a defendant committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (Nov. 1, 2015), *amended by* Amendment 821. Amendment 821 modifies the Sentencing Guidelines such that now, just one criminal history point is added where a defendant otherwise has seven or more criminal history points. U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).

Amendment 821 does not warrant a sentence reduction in this case. "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see Dillon v. United States*, 560 U.S. 817, 826 (2010) (finding § 1B1.10 binding such that a court may not reduce a sentence where reduction would be inconsistent with § 1B1.10). At sentencing, Larios' criminal history category was VI based on his calculated 16 criminal history points. Of those 16 points, 14 points were based on prior criminal convictions. Amendment 821, therefore, does not affect Larios' sentencing range of 77 to 96 months of imprisonment because it would reduce his criminal history points from 16 (two points added under the previous Sentencing Guidelines) to 15 (one point added after Amendment 821). Larios would remain in criminal history category VI with 15 criminal history points given that 13 or more criminal history points merit placement in category VI. Since Amendment 821 does not have the effect of lowering Larios' applicable guidelines range, Larios is not eligible for a sentence reduction.

### III. CONCLUSION

Larios' motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is denied, and his request for appointment of counsel is denied as moot.

**IT IS SO ORDERED**.

Dated: February 1, 2024

_____
RICHARD SEEBORG
Chief United States District Judge